# EXHIBIT A

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| YVETTE CYPRESS, | CIVIL DIVISION |
| *Plaintiff,* | **ELECTRONICALLY FILED** |
| vs. | Case No. AR-20-_____ |
| PORTFOLIO RECOVERY ASSOCAITES, LLC, | |
| *Defendant.* | **COMPLAINT IN CIVIL ACTION** |

Filed on Behalf of Plaintiff:
Yvette Cypress

Counsel of Record for this Party:
**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:  (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:     jward@fentersward.com

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE<br>
11TH FLOOR KOPPERS BUILDING,<br>
436 SEVENTH AVENUE<br>
PITTSBURGH, PENNSYLVANIA 15219<br>
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2020, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

YVETTE CYPRESS,                      CIVIL DIVISION

      *Plaintiff,*                        **ELECTRONICALLY FILED**

      vs.                             Case No. AR-20-_____

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      *Defendant.*

## COMPLAINT

AND NOW, comes Plaintiff, Yvette Cypress, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Portfolio Recovery Associates, LLC, of which the following is a statement:

## PARTIES

1. Plaintiff, Yvette Cypress (hereinafter "Yvette Cypress"), is an adult individual who currently resides at 6462 Anderson Street, Philadelphia, Pennsylvania 19119-3940.

2. Defendant, Portfolio Recovery Associates, LLC, (hereinafter "Portfolio Recovery Associates"), is a corporation with its principal place of business located at 350 Camino De La Reina, San Diego, California 92108.

## JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, the "FDCPA").

4. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

2

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5. On January 21, 2020, Portfolio Recovery Associates, filed a Statement of Claim against Yvette Cypress in Philadelphia Municipal Court at Case Number: SC-20-01-21-5541. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6. In the abovementioned Statement of Claim, Portfolio Recovery Associates claimed an alleged "principal" of $3,135.34 associated with an alleged debt. See Exhibit "A".

7. Portfolio Recovery Associates further claimed $0.00 in "interest" associated with the abovementioned alleged debt. See Exhibit "A".

8. The representation that $3,135.34 was exclusively "principal" and was comprised of $0.00 in "interest" constituted the false representation of the amount, character, and legal status of any alleged debt in further violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

9. Portfolio Recovery Associates therefore employed false, deceptive, and misleading means or representations in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

## COUNT I
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

10. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

11. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

3

12. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

13. Yvette Cypress is a "consumer" as defined by § 1692a(3) of the FDCPA.

14. Portfolio Recovery Associates is a "debt collector" as defined by § 1692a(6) of the FDCPA.

15. Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

16. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

17. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e of the FDCPA.

4

18. On April 24, 2020, Portfolio Recovery Associates, filed a Statement of Claim against Yvette Cypress in Philadelphia Municipal Court at Case Number: SC-20-01-21-5541. See Exhibit "A".

19. In the abovementioned Statement of Claim, Portfolio Recovery Associates claimed an alleged "principal" of $3,135.34 associated with an alleged debt. See Exhibit "A".

20. Portfolio Recovery Associate further claimed $0.00 in "interest" associated with the abovementioned alleged debt. See Exhibit "A".

21. The Third Circuit has held that "principle" constitutes the original borrowed amount associated with the alleged debt and not the amount subsequently and allegedly acquired by a third party. *Mushinsky v. Nelson, Watson & Assoc., LLC*, 642 F.Supp.2d 470, 472 (E.D.Pa.,2009)

22. Therefore, Portfolio Recovery Associates' representation that $3,135.34 was exclusively "principal" and comprised of $0.00 in "interest" constituted a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

23. Furthermore, Portfolio Recovery Associates' mischaracterization of the amount of the alleged debt constituted the use and employment of a deceptive and misleading means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

24. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. Here, the only natural consequence of Portfolio Recovery Associates' acts of willfully communicating credit information which was known to be false was to harass, oppress, and abuse Yvette Cypress.

26. As such, Portfolio Recovery Associates' conduct, as set forth above, violated 15 U.S.C. § 1692d of the FDCPA.

27. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

28. As a direct and proximate result of Portfolio Recovery Associates' violations of the FDCPA, as set forth above, Yvette Cypress has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Yvette Cypress, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Portfolio Recovery Associates, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: October 30, 2020

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

7

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: October 30, 2020

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

8

# EXHIBIT A



# PHILADELPHIA MUNICIPAL COURT
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

Patrick F. Dugan, President Judge   John J. Joyce, Deputy Court Administrator

## STATEMENT OF CLAIM

Code: Consumer Purchase - (4)

SC/CP: # SC-20-01-21-5541

**Plaintiff(s)**
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BLVD
NORFOLK, VA 23502

**Defendant(s)**
YVETTE CYPRESS
6462 ANDERSON ST
PHILADELPHIA, PA 19119

Service Address (information) if other than above:

**To the Defendant: Plaintiff** is seeking a money judgment against the **Defendant(s)** based on the following claim:

Plaintiff is the assignee and/or successor in interest of SYNCHRONY BANK - WAL-MART issued a credit account to Defendant at the request of Defendant. Defendant made use of the credit account and is now in default of the credit agreement by failing to make the required payment when due. Although requested to do so by the Plaintiff, Defendant has failed to pay the amount due and owing to Plaintiff. As a result of Defendant's default, Defendant has a balance due in the amount of $3,135.34. Plaintiff requests judgment be entered in its favor against Defendant in the amount of $3,135.34 plus costs.

WWR# 040237495

## Summons to the Defendant
You are hereby ordered to appear at a hearing scheduled as follows:
## Citation al Demandado
Por la presenta, Usted esta dirljido a presentarse a la siguiente:

1339 Chestnut Street 6th Floor
Philadelphia, PA 19107
Hearing Room: 5

March 30th, 2020

01:00 PM

## Amount Claimed

| | | |
|---|---|---|
| Principal | $ | 3135.34 |
| Interest | $ | 0.00 |
| Attorney Fees | $ | 0.00 |
| Other Fees | $ | 0.00 |
| **Subtotal** | $ | 3135.34 |
| Service | $ | 45.00 |
| State Fee | $ | 14.75 |
| Automation Fee | $ | 5.50 |
| Convenience Fee | $ | 5.00 |
| JCS St. Add. Surcharge | $ | 11.25 |
| JCS St. Add. Fee | $ | 2.25 |
| ATJ Fee | $ | 2.00 |
| ATJ Surcharge | $ | 10.00 |
| Court Costs | $ | 44.00 |
| **TOTAL CLAIMED** | $ | 3275.09 |

Date Filed: 01/21/2020

I am a plaintiff in this statement of claims action. I hereby verify that I am authorized to make this verification and that the facts set forth above are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. &sect; 4904, which concerns the making of unsworn falsifications to authorities.

MICHAEL J DOUGHERTY

**Signature Plaintiff/Attorney**
Atty ID #: 076046

Address & Phone: 170 S. INDEPENDENCE MALL WEST SUITE 874 WEST
PHILADELPHIA, PA 19106
215-599-1500

NOTICE TO THE DEFENDANT, YOU HAVE BEEN SUED IN COURT.
PLEASE SEE ATTACHED NOTICES

AVISO AL DEMANDADO LE HAN DEMANDADO EN CORTE. VEA POR FAVOR LOS AVISOS ASOCIADOS.

If you wish to resolve this matter without appearing in court, please contact the attorney shown above immediately.